**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-4240**

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ROBERT LEE CYRUS,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-03-55)

—————————

Submitted:  September 28, 2005        Decided:  October 18, 2005

—————————

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

—————————

D. Craig Brown, THE LAW OFFICE OF D. CRAIG BROWN, P.C., Florence,
South Carolina, for Appellant.  Alfred William Walker Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Lee Cyrus appeals his sentence of 235 months of imprisonment imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2000). Counsel has filed an <u>Anders</u>[1] brief asserting that there are no meritorious issues for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 when it accepted Cyrus' plea, and whether it erred in enhancing Cyrus' sentence under <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 3A1.2 (b)(1) (2002), based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Cyrus was notified of his right to file a <u>pro</u> <u>se</u> supplemental brief, but has not done so. The Government declined to file a brief. Because we conclude that Cyrus' sentence was enhanced based upon facts not charged in the indictment or admitted by Cyrus, we vacate his sentence and remand.[2]

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of <u>Blakely</u> to the federal sentencing guidelines and held that the mandatory guidelines scheme

---

[1]<u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967).

[2]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Cyrus' sentencing. <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is 'plain' if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

- 2 -

that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion of the Court). Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury (or, in a guilty plea case, not admitted to by the defendant), constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guidelines scheme. Hughes, 401 F.3d at 546-56. The court directed sentencing courts to calculate the appropriate guidelines range, consider that range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence. If the district court imposes a sentence outside the guidelines range, the court should state its reasons for doing so. Id. at 546.

Because Cyrus did not object to the sentencing range of 235 to 293 months of imprisonment determined by the district court,

- 3 -

we review the district court's guidelines calculation for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547. Under the plain error standard, Cyrus must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736. (internal quotation marks omitted).

Our review of the record leads us to conclude that Cyrus' base offense level was properly determined and is supported by the drug quantity alleged in the indictment and included in the factual basis stated at Cyrus' plea hearing, with which he explicitly agreed. However, Cyrus also received a three-level enhancement of his offense level for official victim, pursuant to USSG § 3A1.2(b)(1). We conclude that the imposition of this enhancement was error under the Sixth Amendment as applied in Booker, because the facts supporting this enhancement were not alleged in the indictment or admitted by Cyrus, and because, absent this enhancement, Cyrus' guidelines range would have been 168 to 210 months, below the range in which Cyrus was sentenced.

In his Anders brief, counsel also asserts error in the district court's acceptance of Cyrus' plea because Cyrus failed to verbally respond to every question posed by the court during his

Rule 11 plea colloquy. We find that Cyrus' plea colloquy was proper and conducted in accordance with the law, see United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991), and further find that there is no showing that Cyrus' failure to verbally respond to each of the district court's questions adversely affected his substantial rights.

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm Cyrus' conviction, vacate his sentence, and remand for resentencing in accordance with Booker and Hughes.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.