**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4593

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEAT SHAUN WINGATE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:03-cr-00015-MBS-1)

Submitted: January 26, 2023                          Decided: February 13, 2023

Before KING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South Carolina; Andrew Mackenzie, BARRETT MACKENZIE, LLC, Greenville, South Carolina, for Appellant. Corey F. Ellis, United States Attorney, Katherine Hollingsworth Flynn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keat Shaun Wingate appeals the district court's sentence of 51 months' imprisonment followed by 2 years of supervised release imposed upon revocation of his prior term of supervised release.[1] Wingate argues on appeal that the district court abused its discretion in designating him as a career offender with a corresponding criminal history category of VI when imposing his revocation sentence.[2] Specifically, Wingate asserts that the law of the case is that he is not a career offender based on our 2005 decision to vacate his sentence and remand to the district court and the district court's second resentencing. We affirm.

This Court reviews a district court's revocation of supervised release for abuse of discretion, evaluating the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020).

> Generally, the law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Those stages include a subsequent appeal in the same litigation. As such, once the decision of our Court

---

[1] Although Wingate has been released from incarceration, his appeal is not moot because he is currently serving his two-year term of supervised release. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) (holding that defendant's appeal of term of incarceration is not rendered moot by his release when he is still serving supervised release term).

[2] At the revocation hearing, the district court determined that Wingate's policy statement range was 51 to 60 months' imprisonment based upon a Grade A violation and a criminal history category of VI. Neither party objected. Wingate observes on appeal that, without the career offender enhancement, his criminal history category would be III and, combined with a Class A felony supervised release violation, his policy statement range would be 30 to 37 months' imprisonment. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s., n.1 (2018).

2

establishes the law of the case, we adhere to that decision in subsequent appellate rulings unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Fusaro v. Howard*, 19 F.4th 357, 367 (4th Cir. 2021) (cleaned up).  For revocation purposes, "[t]he criminal history category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision."  USSG § 7B1.4(a), p.s., n.1.

Upon careful review of the record, we conclude that our 2005 decision did not state that Wingate was not a career offender.  *See United States v. Wingate*, 153 F. App'x 197, 198-99 (4th Cir. 2005) (No. 04-4540).  We simply required the district court in sentencing Wingate on remand to comply with the holdings of *United States v. Booker*, 543 U.S. 220, 244 (2005) (holding that mandatory Sentencing Guidelines scheme that provided for sentence enhancements based on facts found by district court by a preponderance of the evidence violated Sixth Amendment), and *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005) (holding that sentence imposed under pre-*Booker* mandatory sentencing scheme and enhanced based on facts found by district court, not by jury (or, in guilty plea case, not admitted to by defendant), constitutes plain error that affects defendant's substantial rights and warrants reversal under *Booker* when record does not disclose what discretionary sentence court would have imposed under advisory Guidelines scheme).  *See id.* at 198-99. Moreover, the district court's second resentencing of Wingate to 240 months' imprisonment—the enhanced statutory mandatory minimum—did not address whether or

3

not Wingate was a career offender, and Wingate's counsel appeared to recognize that the advisory Guidelines range reflected a career offender enhancement. (*See* J.A. 184).[3]  This Court affirmed the sentence, again not making any findings as to Wingate's career offender status. *See United States v. Wingate*, No. 07-4282, 2007 WL 3083111, at *1 (4th Cir. Oct. 23, 2007).

Finally, none of the exceptions to the law of the case doctrine apply here: (1) there was no subsequent trial producing substantially different evidence; (2) there is no subsequent contrary controlling authority; and (3) the prior determination was not clearly erroneous. *See Fusaro*, 19 F.4th at 367.  Thus, under the law of the case doctrine, the district court did not err in applying the career offender criminal history category VI at Wingate's revocation. *See Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) ("The law-of-the-case doctrine recognizes that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (internal quotation marks omitted)).

Accordingly, we affirm the revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[3] "J.A." refers to the joint appendix.

4